## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **BRIAN MILLER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 16−cv–0627−SMY** |
| | ) | |
| **K. BREEDEN** | ) | |
| **REEDER, and** | ) | |
| **HAMILTON** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Brian Miller, currently an inmate in Pickneyville Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights for events that occurred at Shawnee Correctional Center. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief

can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

<u>**The Complaint**</u>

On November 25, 2014, after the Internal Affairs ("IA") unit opened an investigation into alleged marijuana use at Shawnee Correctional Center, Plaintiff was placed on investigative status. (Doc. 1, p. 7). Plaintiff underwent a drug screen, which came back clean. (Doc. 1, p. 7).

On November 27, 2014, Plaintiff was brought to the IA office for questioning. (Doc. 1, p. 8). He denied all knowledge of contraband smuggling. (Doc. 1, p. 8). The IA officers asked Plaintiff if he had smuggled contraband in during the visit he had over the weekend. (Doc. 1, p. 8). Plaintiff denied it. (Doc. 1, p. 8). Plaintiff believes the videos of the visit would exonerate him. (Doc. 1, p. 8). Plaintiff was questioned again a few days later and he continued to deny that he knew anything about drug smuggling. (Doc. 1, p. 8). The officers told Plaintiff that if he cooperated, he would only get six months segregation. (Doc. 1, p. 10). Plaintiff agreed to take a polygraph test. (Doc. 1, p. 10).

On December 15, 2014, before Plaintiff could take the polygraph test, he received a disciplinary ticket for 601-aiding, abetting, attempt, solicitation, or conspiracy, 203- drugs & drug paraphernalia, and 110, impeding or interfering with an investigation.  (Doc. 1, p. 11).  Approximately one week later, Plaintiff was brought back to IA and "given one last chance to cooperate."  (Doc. 1, p. 12).  He was told that the Marion Police were going to pick up his girlfriend for helping smuggle contraband into the institution.  (Doc. 1, p. 12).  Plaintiff continued to express his innocence.  (Doc. 1, p. 13).

On December 23, 2014, Plaintiff was brought before the Adjustment Committee.  (Doc. 1, p. 13).  He told the Committee that he was innocent and that if he had had any "weed", he would have smoked it himself.  (Doc. 1, p. 13).  The Adjustment Committee staff told Plaintiff that he would receive a year in segregation and further stated "It's not up to me, I was told to find you guilty and deliver the sentence; it's out of my hands."  (Doc. 1, p. 13-14).

Plaintiff was transferred to Pontiac Correctional Center on January 28, 2015.  (Doc. 1, p. 14).  He was housed in the North Cell House Segregation Unit, 1 gallery.  (Doc. 1, p. 14).  His cell had a solid door and there were feces and dried blood on the walls.  (Doc. 1, p. 14).  His request to change cells was denied.  (Doc. 1, p. 14).  His request for cleaning supplies was also denied.  (Doc. 1, p. 14).  He did not get any hygiene times.  (Doc. 1, p. 15).  He developed rashes and bumps on his body due to the filthy environment and the dirty, nasty mattress.  (Doc. 1, p. 15).  The noise from the other inmates continued 24 hours a day.  (Doc. 1, p. 15).  Plaintiff also had feces thrown at him by mentally ill inmates while the guards looked the other way.  (Doc. 1, p. 15).

## Discussion

While Plaintiff has named three specific defendants and clearly stated a due process claim for the actions of the adjustment committee, his Complaint suffers from a fatal flaw: he has not associated any of his allegations with a specific defendant.  Though Plaintiff names Defendants Breeden, Reeder and Hamilton in the caption of his Complaint, he fails to list them elsewhere in his Complaint, so the Court is unable to ascertain what claims, if any, Plaintiff has against these defendants.  It is unclear whether any or all of the defendants participated in the investigation or the disciplinary proceedings, or what role they may have played in the course of events.

The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint.  "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Thus, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him.  Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Because Plaintiff has not listed Defendants Breeden, Reeder and Hamilton in his statement of claims, he has not adequately stated claims against these individuals or put them on notice of any claims that Plaintiff may have against them. For this reason, Plaintiff's Complaint will be **DISMISSED without prejudice.**

## DISPOSITION

**IT IS HEREBY ORDERED** that the Complaint (Doc. 1) is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint, associating specific defendants with specific factual allegations within 35 days of the entry of this order (on or before October 3, 2016). An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. Failure to file an Amended Complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

No service shall be ordered on any defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**

**DATED: August 29, 2016**

<u>s/ STACI M. YANDLE</u>
United States District Judge